UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID GAVLAK AND<br>HILLSIDE SPRINGS FARM, INC.<br><br>    Plaintiffs,<br>v.<br><br>TOWN OF SOMERS AND<br>SOMERS ZONING BOARD OF APPEALS<br><br>    Defendants. | CIVIL ACTION NO. 3:02CV1410(JCH)<br><br><br><br><br><br><br><br><br>SEPTEMBER 1, 2004 |

**LOCAL RULE 56 STATEMENT IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Local Rules of Civil Procedure, the defendants Town of Somers and Somers Zoning and Board of Appeals (the "ZBA"), respectfully offer the following Statement of Undisputed Material Facts in support of their Motion for Summary Judgment.

1. Plaintiff David Gavlak is one of the principals of Hillside Springs Farm, Inc. Complaint, ¶3; Deposition of David Gavlak of 12/19/03 ("Plaintiff's Dep. Tr.") at 46 (Exhibit A).

2. Since 1991, plaintiffs have leased from Bruce Wood a thirty-three acre parcel on property known as Wood Farm, in Somers, Connecticut, which contains four natural springs. Wood v. Zoning Board of Appeals, 258 Conn. 691, 693 (2001) (Exhibit B).

372598

3. The plaintiffs collect water from the springs with pipes, through which the water flows by gravity into tanker trucks (the "Water Operation"). Id.

4. The water is then transported off the subject property to bottling plants and is sold for, among other uses, human consumption. Id.

5. In addition to selling water for human consumption, the plaintiffs have over the years sold water from the site for cattle, for filling residential water wells, for filling swimming pools, and for emergencies. Plaintiff's Dep. Tr. At 26, 32, 143.

6. By letter dated December 13, 1996, Mr. Gavlak wrote to Bob Gilmore, indicating that he was filling approximately 40 tankers per week, seven days a week. Id. at 139.

7. A copy of Mr. Gavlak's December 13, 1996 letter is attached as Exhibit C to the defendants' Motion for Summary Judgment. Id.

8. In his December 13, 1996 letter, Mr. Gavlak estimated that he was removing approximately 37,000 gallons of water per day from the property. Id.

9. The subject property is located in an A-1 zoning district. Wood, 258 Conn. at 694.

10. Farms, single-family detached dwellings, multifamily dwellings limited to two units per lot, and utility lines are permitted in an A-1 zone. Id.; see also Somers Town Code 214-98.

11. In approximately June or July of 1996, residential neighbors of Wood Farm began complaining to the Town of Somers about the plaintiffs' Water Operation. Plaintiff's Dep. Tr. At 57.

372598

12.    Among the neighbors who complained were Roy Slater, Kathy and Peter Klein and George Warner.  Id. at 57-58.

13.    In particular, the neighbors complained about the truck traffic generated by the plaintiffs' Water Operation in a residential neighborhood.  Id. at 58.

14.    Roy Slater was the first neighbor to complain about the truck traffic generated by the plaintiffs' Water Operations.  Id. at 34.

15.    Mr. Gavlak had been friends with Mr. Slater, Mr. Klein and Mr. Warren, prior to their complaints about the truck traffic caused by the Water Operations.  Id. at 62.

16.    On September 3, 1996, at a Zoning Commission meeting, these neighbors complained about the truck traffic associated with the Water Operations.  Id.

17.    In a memorandum dated September 9, 1996, from the Chairman of the Zoning Commission, Lee Hall, to First Selectman Robert Percoski, Mr. Hall addressed the neighbors' traffic concerns.  Id. at 65.

18.    A copy of Mr. Hall's September 9, 1996 memorandum is attached as Exhibit D to the defendants' Motion for Summary Judgment.

19.    James R. Taylor is the Zoning Enforcement Officer in the Town of Somers and has been so employed for approximately the past eight (8) years.  Affidavit of James R. Taylor of 8/31/04, ¶3 ("Taylor Aff.") (Exhibit E, with attachments 1-3).

20. On December 2, 1996, at a meeting of the Somers Zoning Commission, some residents spoke in favor of the plaintiffs' Water Operation and some spoke against it. Plaintiff's Dep. Tr. at 67.

21. At the conclusion of the December 2, 1996 Zoning Commission meeting, the Commission voted to issue a cease and desist order concerning the plaintiffs' Water Operation. Plaintiff's Dep. Tr. at 68.

22. By letter dated December 30, 1996, Mr. Taylor issued a cease and desist order regarding the plaintiffs' Water Operation. Complaint, ¶11; Plaintiff's Dep. Tr. at 73; Plaintiff's Dep. Exhibit 4.

23. A copy of the cease and desist order, dated December 30, 1996, is attached to Mr. Taylor's Affidavit as Exhibit E1. Id.

24. A copy of the minutes of the December 2, 1996 Zoning Commission meeting are attached to Mr. Taylor's Affidavit as Exhibit E2. Id.

25. A copy of the ZBA's Legal Notice, dated July 22, 2003, rescinding the cease and desist order, is attached to Mr. Taylor's Affidavit as Exhibit E3. Taylor Aff., ¶9.

26. The plaintiffs appealed the issuance of the cease and desist order. Plaintiff's Dep. Tr. at 73.

372598

27.  Although the Town, through Mr. Taylor, issued the cease and desist order, it was not enforced.  Id. at 78-79, 98; see also Taylor Aff., ¶7.

28.  Despite the issuance of the cease and desist order, the plaintiffs' Water Operation continued uninterrupted.  Plaintiff's Dep. Tr. at 79, 98.

29.  The plaintiffs were never forced to shut down their Water Operation.  Id.

30.  While the appeal of the cease and desist order was being litigated, the defendants did not prevent the plaintiffs from engaging in their Water Operation.  Plaintiff's Dep. Tr. at 98.

31.  By letter dated February 9, 1997, Peter Klein complained to the Somers Zoning Commission regarding the plaintiffs' Water Operation.  Id. at 58.

32.  A copy of Mr. Klein's February 9, 1997 letter is attached as Exhibit F to the defendants' Motion for Summary Judgment.

33.  By letter dated March 22, 1997, Shirley Warner complained to the Somers Zoning Commission regarding the plaintiffs' Water Operation.  Plaintiff's Dep. Tr. at 58.

34.  A copy of Ms. Warner's March 22, 1997 letter is attached as Exhibit G to the defendants' Motion for Summary Judgment.

35.  In June 1998, Roger Steding complained to the Town regarding the truck traffic associated with the plaintiffs' Water Operation.  Id. at 87.

36. A copy of Mr. Stedman's June 25, 1998 letter to Mr. Taylor is attached as Exhibit H to the defendants' Motion for Summary Judgment. Id.

37. Mr. Taylor discussed Mr. Steding's complaint with Mr. Gavlak but did not take any enforcement action. Id. at 88.

38. Neither the Town of Somers, nor any official of the Town, has ever placed a limit on the total number of truckloads of water that the plaintiffs may remove from Wood Farm. Id. at 105.

39. Every year since the December 30, 1996 cease and desist order issued, the plaintiffs' business has experienced a growth in revenues. Id. at 114.

40. From approximately December 1996 through August 1998, the plaintiffs' Water Operation was filling tanker trucks at the subject property seven days a week. Id. at 139.

41. The plaintiffs allege that, in November 1989, George Boisvert, the Town's former Zoning Official, offered to become David Gavlak's business partner. Id. at 117-119.

42. After that one conversation that allegedly took place in November 1989, Mr. Boisvert never again raised the issue with Mr. Gavlak. Id. at 118.

43. Mr. Boisvert ceased being the Town of Somers Zoning Official in approximately 1994 or 1995. Id. at 120.

44. Mr. Gavlak has no proof that Mr. Boisvert had anything to do with the cease and desist order being issued. Id. at 121.

45.   Although the ZBA prevailed in the plaintiffs' appeal of the cease and desist order concerning the interpretation of permitted agricultural uses, the case was remanded and the ZBA ultimately concluded that the plaintiffs' collection, storage and transportation of spring water constitutes a legal non-conforming use of the property. Taylor Aff., ¶8; Plaintiff's Dep. Tr. at 92, 96.

46.   The ZBA addressed the issue of non-conforming use on February 12, 2002, March 14, 2002, April 11, 2002 and July 10, 2003. Plaintiff's Dep. Tr. at 92-96; Taylor Aff., ¶¶8-9.

47.   By legal notice dated July 10, 2003, the cease and desist order was overruled by the ZBA. Taylor Aff., ¶9.

48.   Although several residential neighbors of the Water Operations talked about appealing the ZBA's ruling that the plaintiffs' Water Operation constituted a pre-existing non-conforming use, it was not appealed. Plaintiff's Dep. Tr. at 96-97.

49.   The plaintiffs' allegation that the defendants carried out a course of conduct designed to obstruct, impede or destroy the plaintiffs' business refers to Mr. Taylor's issuance of the December 30, 1996 cease and desist order. Id. at 133-137.

50.   The plaintiffs cannot identify any other water company that they claim was treated differently by the Town or the ZBA. Id. at 137-138.

51.  At all relevant times, Mr. Taylor did the best he could to treat the plaintiffs fairly while at the same time addressing the concerns of the neighbors who complained about the truck traffic created by the plaintiffs' Water Operation. Taylor Aff., ¶10.

52.  Mr. Taylor has no knowledge of any alleged plan, or conduct, by the Town of Somers or its agents or employees designed to interfere with the plaintiffs' business activities. Id., ¶11.

53.  At all times Mr. Taylor did his best to fairly interpret and apply the Town of Somers' Zoning Regulations on an equal basis to all residents. Id.

> RESPECTFULLY SUBMITTED,
> DEFENDANTS,
> TOWN OF SOMERS and
> SOMERS ZONING BOARD OF APPEALS
>
> By: _____
> JAMES N. TALLBERG, ESQ.
> Federal Bar Number Ct17849
> UPDIKE, KELLY & SPELLACY, P.C.
> One State St., P.O. Box 231277
> Hartford, CT 06123-1277
> Tel. No. (860) 548-2600
> jtallberg@uks.com

372598

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing has been sent via U.S. certified mailed, postage prepaid, this 1st day of September 2004, to the following counsel of record:

John R. Williams, Esq.
William & Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510

By: _____
JAMES N. TALLBERG, ESQ.
Updike, Kelly & Spellacy, P.C.

372598