UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

DAVID GAVLAK and                           :
HILLSIDE SPRINGS FARM, INC.                :
                                           :
VS.                                        :        NO. 3:02CV1410(JCH)
                                           :
TOWN OF SOMERS and                         :
SOMERS ZONING BOARD OF APPEALS             :        SEPTEMBER 19, 2004

**BRIEF IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

    This is an action by the operators of a spring water business in Somers,

Connecticut.  It was the subject of an extensive opinion by the Connecticut

Supreme Court in Wood v. Zoning Board of Appeals of the Town of Somers, 258

Conn. 691, 784 A.2d 354 (2001).  It also has been addressed in a long and

scholarly ruling in this court by Judge Goettel, Item 15 on the court's docket,

published at 267 F. Supp. 2d 214 (D. Conn. 2003).  Because Judge Goettel's

decision constitutes the law of the case in this matter, and because it has a

direct bearing on the issues raised again by the present motion, it will be referred

to throughout this brief.[1]

    The taking of spring water from the land in question has been an ongoing

_____

[1]  For ease of reference, Judge Goettel's ruling will be cited as "GLG Ruling" with
    reference to the pages in the original slip opinion in this court's file.

1

activity since before the Revolutionary War.  The defendants now agree, and have stipulated, that as such the plaintiffs' activities on that land constitute a legal prior nonconforming use of the land.  *Defendants' Local Rule 56 Statement, ¶¶ 25, 47, 48.*  This is, therefore, an established fact in this case.  "At its most fundamental level, a nonconforming use is a vested property right in the State of Connecticut."  (GLG Ruling at p. 12, citing Beckish v. Planning & Zoning Comm'n, 162 Conn. 11, 16 (1971).)

Judge Goettel determined that the plaintiffs' original Fifth Amendment takings claim was not ripe for adjudication.  What remains in this case are the plaintiffs' "class of one" equal protection claim, their substantive due process claim, and their procedural due process claim.

In 1989, when the plaintiffs began to experience success in their water operation, the defendants' Zoning Enforcement Officer, Mr. Boisvert, visited the land and proposed to become their "silent partner" for a modest investment. (Gavlak deposition transcript, pp. 119-20) When that offer was rejected, the plaintiffs' troubles began.  Ultimately, although as the defendants now admit, the plaintiffs had a vested property right in the extraction and transportation of water from the land, a cease and desist order was issued commanding the plaintiffs to cease all water operations on the land.  Although the plaintiffs presented their prior nonconforming use claim to the defendant Zoning Board of Appeals at that

2

time – 1996 – the ZBA did not even consider the claim and upheld the cease and desist order on other grounds.  <u>Wood v. Zoning Board of Appeals</u>, *supra.*  In <u>Wood</u>, the Connecticut Supreme Court, although agreeing with the ZBA's position on the other issue, remanded the case and ordered that the ZBA be directed to hear the plaintiffs' prior nonconforming use claim.  The plaintiffs, through their attorneys, submitted to the defendants a written request to be heard on the issue and to present evidence.  (Exhibit B) The defendants, on three separate occasions in 2002, ignored that request and rejected the prior nonconforming use claim without allowing the plaintiffs to be heard in any manner whatever.  (Exhibit A).  Several months later, the defendants had a change of heart and rescinded the cease and desist order, thereby capping the plaintiffs' damages.

**<u>Substantive Due Process</u>**

In his earlier ruling in this case, Judge Goettel ruled that if the plaintiffs could prove (a) that they had a legal prior nonconforming use in the land and (b) that the ZBA "continued the cease and desist order" upon remand from the Supreme Court "[w]ithout a hearing, or any explanation," the plaintiffs would thereby have established a cause of action for violation of their Fourteenth Amendment right to substantive due process of law.  (GLG Ruling at p. 17) That is exactly what the evidence in this case shows.  "[A] party asserting a

deprivation of substantive due process must first establish a valid property interest within the meaning of the Constitution....Second, the party must demonstrate that the defendant acted in an arbitrary or irrational manner in depriving him of that property interest."  Crowley v. Courville, 76 F.3d 47, 52 (2d Cir. 1996), citing Zahra v. Town of Southold, 48 F.3d 674, 679-80 (2d Cir. 1995); and Southview Assocs., Ltd. v. Bongartz, 980 F.2d 82, 102 (2d Cir. 1992).

### Procedural Due Process

In his ruling, Judge Goettel held that the plaintiffs could establish their procedural due process claim if they could prove (1) that they held a vested property interest, *i.e.*, a prior nonconforming use, (2) that the ZBA deprived them of that property interest by continuing the cease and desist order after remand by the Supreme Court, and (3) that the ZBA did so without affording the plaintiffs an opportunity to be heard.  (GLG Ruling at pp. 18-19) That, once again, is precisely what the evidence proves in this case.  "[T]he plaintiffs have alleged properly a violation of procedural due process because the Board's decision deprived them of a property interest without a hearing.  The absence of such an opportunity to be heard greatly enhanced the risk for an erroneous deprivation of the plaintiffs' property rights."  (GLG Ruling at p. 19)

### Equal Protection

In his ruling, Judge Goettel held that the plaintiffs could successfully

4

establish a "class of one" equal protection claim, *see* <u>Harlen Associates v.</u>
<u>Incorporated Village of Mineola</u>, 273 F.3d 494, 499 (2d Cir. 2001);  <u>African Trade</u>
<u>& Information Center v. Abromaitis</u>, 294 F.3d 355, 363-64 (2nd Cir. 2002); by
proving that (1) the plaintiffs had a legal prior nonconforming use in the property,
thus, a valid property interest, (2) Mr. Boisvert in 1989 had attempted to make
himself a partner in the plaintiffs' business and had been rejected, (3) the
defendants had thereafter in 1991amended the Town zoning regulations to make
"all uses of real property not expressly permitted to be prohibited," and (4) the
ZBA had after remand by the Supreme Court ruled "in the absence of any
hearing, that the plaintiffs' use of the subject property did not constitute a
preexisting nonconforming use, followed by its issuance of a cease and desist
order...." (GLG Ruling at pp. 21-22) That is exactly what the evidence shows in
this case.  The defendants now stipulate that the plaintiffs had a legal prior
nonconforming use in the property.  The plaintiff Gavlak has testified in his
deposition that in 1989 Boisvert made exactly the attempt described.  (Gavlak
deposition, pp. 119-20)  The Supreme Court has held that in 1991 the
defendants did so amend the Town zoning regulations. <u>Wood</u>, *supra*, 258 Conn.
at 694.  The ZBA after remand did rule without any hearing despite the plaintiffs'
request for a hearing, that the plaintiffs had no prior nonconforming use and
thereupon reaffirmed the cease and desist order.  (Exhibits A, B)

5

**Liability of the Town**

The defendants also assert in their motion that only the ZBA is a proper defendant in this action and that the Town of Somers was not involved.  First, it is not disputed that the ZBA is the final policymaking authority for zoning matters in the Town of Somers.  Accordingly, its actions *are* the actions of the town and if the ZBA is liable the Town is liable as well.  *E.g.*, Pembauer v. City of Cincinnati, 475 U.S. 469, 480-81 (1986); Kelley v. LaForce, 279 F.3d 129, 138 (1st Cir. 2002); Mandell v. County of Suffolk, 316 F.3d 368, 385 (2nd. Cir. 2003) (police commissioner had authority to set county-wide personnel policy); Weber v. Dell, 804 F.2d 796 (2d Cir. 1986); Keenan v. City of Philadelphia, 983 F.2d 459, 468-69 (3d Cir. 1992); Holloway v. Brush, 220 F.3d 767, 773 (6th Cir. 2000) (en banc) ("acts will only be construed as official policy when they are those of a body or an official 'responsible for establishing final government policy respecting such activity'"); Jones v. City of Chicago, 856 F.2d 985, 996 (7th Cir. 1988); Fairley v. Luman, 281 F.3d 913 (9th Cir. 2002); Davis v. Mason County, 927 F.2d 1473 (9th Cir. 1991);Grech v. Clayton County, 288 F.3d 1277 (11th Cir. 2002).  In addition, in this case, there is testimony that the First Selectman of the defendant Town of Somers endorsed the actions of the defendant Zoning Board of Appeals against the plaintiffs and refused to discuss any accommodation with the plaintiffs.  (Gavlak deposition transcript, pp. 75-76)

**Standard of Review**

"The standards governing summary judgment are well-settled.  Summary judgment is appropriate only 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits..., show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'  Fed. R. Civ. P. 56(c); *see also* Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists.

"In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant....Summary judgment is improper if there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party."  Marvel Characters, Inc. v. Simon, 310 F.3d 280, 285-86 (2d Cir. 2002).

When the moving party "'fail[s] to fulfill its initial burden' of providing admissible evidence of the material facts entitling it to summary judgment, summary judgment must be denied, 'even if no opposing evidentiary matter is presented,' for the non-movant is not required to rebut an insufficient showing." Giannullo v. City of New York, 322 F.3d 139, 140-41 (2nd Cir. 2003), *quoting*

Adickes v. S.H. Kress & Co., 398 U.S. 144, 158, 160 (1970). "[T]he moving party bears the ultimate burden of establishing its right to summary judgment as a matter of law even when it does not have the ultimate burden of persuasion at trial." Trainor v. Apollo Metal Specialties, Inc., 318 F.3d 976, 982 (10th Cir. 2003).

When passing upon a motion for summary judgment, the court may not resolve factual disputes or make credibility determinations, even if the case is one which eventually will be tried without a jury. In re Unisys Savings Plan Litigation, 74 F.3d 420 (3d Cir. 1996). Rather, the court must resolve any ambiguities and draw all inferences against the moving party. Cargill, Inc. v. Charles Kowsky Resources, Inc., 949 F.2d 51 (2d Cir. 1991). The evidence of the party against whom summary judgment is sought must be believed. Revak v. SEC Realty Corp., 18 F.3d 81 (2d Cir. 1994). The court must construe the evidence in the light most favorable to the party opposing summary judgment and deny the motion unless no construction of the evidence could support judgment in the plaintiff's favor. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970); Olin Corp. v. Consolidated Aluminum Corp., 5 F.3d 10, 14 (2d Cir. 1993); United States v. Certain Funds on Deposit in Scudder Tax Free Investment Account #2505103, 998 F.2d 129 (2d Cir. 1993); Union Pacific Corp. v. United States, 5 F.3d 523, 525 (Fed. Cir. 1993). "If, as to the issue on which summary

judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper." Gummo v. Village of Depew, 75 F.3d 98, 107 (2d Cir. 1996).

To raise a genuine issue of material fact sufficient to defeat a summary judgment motion, the opponent need not match, item for item, each piece of evidence proffered by the moving party. So long as the opponent has offered enough evidence to exceed the "mere scintilla" threshold, summary judgment is to be denied. In re Unisys Savings Plan Litigation, supra, 74 F.3d 420, 433.

Even if the nonmoving party's evidence appears "implausible," the court may not "weigh" the evidence and must proceed with the greatest caution. R. B. Ventures, Ltd. v. Shane, 112 F.3d 54, 58-59 (2d Cir. 1997). "If reasonable minds could differ as to the import of the evidence...and if...there is any evidence in the record from any source from which a reasonable inference in the nonmoving party's favor may be drawn, the moving party simply cannot obtain a summary judgment." Id. at 59, quoting Brady v. Town of Colchester, 863 F.2d 205, 211 (2d Cir. 1988), and In re Japanese Elec Prods. Antitrust Litigation, 723 F.2d 238 (3d Cir. 1983) (internal quotation marks omitted).

"A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the non moving party.' Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, '[i]f, as to the issue on

which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper.'" Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1535 (2d Cir. 1997).  Citing Gummo v. Village of Depew, 75 F.3d 98, 107 (2d Cir. 1996).

**Conclusion**

If any party were entitled to summary judgment in this case, it would be not the defendants but the plaintiffs.  This is a clear case.  The motion for summary judgment must be denied.

Respectfully submitted:

_____
JOHN R. WILLIAMS (ct00215)
Williams and Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510
TELEPHONE:  203.562.9931
FAX:  203.776.9494
E-MAIL:  jrw@johnrwilliams.com
Plaintiffs' Attorney

CERTIFICATION OF SERVICE

On the date above stated, a copy hereof was mailed to James N. Tallberg, Esq., Updike, Kelly & Spellacy, P.C., P. O. Box 231277, Hartford, CT 06123-1277.

_____

JOHN R. WILLIAMS