UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID GAVLAK and | : | |
| HILLSIDE SPRINGS FARM, INC. | : | |
| | : | |
| VS. | : | NO. 3:02CV1410(JCH) |
| | : | |
| TOWN OF SOMERS and | : | |
| SOMERS ZONING BOARD OF APPEALS | : | SEPTEMBER 19, 2004 |

**PLAINTIFFS' LOCAL RULE 56 STATEMENT**

A.  **RESPONSES TO DEFENDANTS' CLAIMS OF FACT:**

  1. Agree.

  2. Agree.

  3. Agree.

  4. Agree.

  5. Agree.

  6. Agree.

  7. Agree.

  8. Agree.

  9. Agree.

  10. Agree in part. As the defendants have stated in their brief, the plaintiff's operation also is permitted as a prior nonconforming use. (Exhibit E3)

11. Agree that the complaints were from three neighboring families, who lived next to each other. (Plaintiff's Deposition, pp. 57-58)

12. Agree that those were the main complainers. (Ibid.)

13. Disagree. Page 58 of the transcript of the plaintiff's deposition, upon which the defendants rely for this assertion, contains no such evidence.

14. Agree.

15. Agree.

16. Disagree. Page 62 of the transcript of the plaintiff's deposition, upon which the defendants rely for this assertion, contains no such evidence.

17. Agree.

18. Agree.

19. Agree.

20. Agree.

21. Disagree. Page 68 of the transcript of the plaintiff's deposition, upon which the defendants rely for this assertion, contains no such evidence.

22. Agree.

23. Agree.

24. Agree.

25. Agree.

26. Agree.

27. Agree, but its existence caused substantial economic loss to the

plaintiffs.  (Plaintiff's Deposition, pp. 78-80)

28.  Agree that the operation continued, but otherwise disagree because the existence of the order caused a substantial decrease in business and revenue.  (Ibid.)

29.  Agree.

30.  Agree, but the existence of the cease and desist order caused a substantial decrease in business and revenue.  (Plaintiff's deposition, pp. 78-80)

31.  Agree that he complained, but otherwise disagree because page 58 of the plaintiff's deposition transcript, upon which the defendants rely for this assertion, contains no such evidence.

32.  Agree.

33.  Disagree because page 58 of the plaintiff's deposition transcript, upon which the defendants rely for this assertion, contains no such evidence.

34.  Agree.

35.  Agree.

36.  Agree.

37.  Agree.

38.  Disagree because page 105 of the plaintiff's deposition transcript, upon which the defendants rely for this assertion, contains no such evidence.

39.  Disagree.  Gavlak Enterprises has experienced such growth; Hillside Springs Farm has not.  (Id. at 114-15)

40. Agree.

41. Agree.

42. Disagree. (Id. at 118-20)

43. Agree.

44. Agree.

45. Agree.

46. Agree.

47. Agree.

48. Agree.

49. Disagree. (Id. at 134-37)

50. Disagree because the plaintiffs are the only water company in town. (Id. at 138)

51. Disagree. (Id. pp. 137-38)

52. Disagree. (Id. pp. 64-66, 68, 81, 119-20, 137-38)

53. Disagree. (Id. pp. 137-38)

B. *PLAINTIFF'S STATEMENT OF MATERIAL FACTS:*

1. While it is true that there were days when the plaintiffs took as many as eight to ten truckloads per day of water from the Wood property, there were other days when they took none at all and still other days when they took only two, three or five truckloads out. (Plaintiff's deposition, p. 35)

2. From the time the defendants issued their cease and desist order to

the plaintiffs, the plaintiffs' business fell off.  Although the defendants were not enforcing the order pending the appeal, it was publicized and that fact had a big adverse impact on the plaintiffs' business.  (Id. pp. 43-45, 79-80, 98-103)

    3.  One of the neighbors who complained about the plaintiffs was a member of the defendant Zoning Board of Appeals.  (Id. pp. 64-65, 81)

    4.  That neighbor was one of the most vocal of the complainers.  (Id. p. 66)

    5.  When the plaintiff Gavlak attempted to speak in defense of his water operation at zoning meetings, he often was made to sit down and stop speaking.  (Id. p. 68)

    6.  The First Selectman of the defendant Town of Somers endorsed the actions of the defendant Zoning Board of Appeals against the plaintiffs and refused to discuss any accommodation with the plaintiffs.  (Id. pp. 75-76)

    7.  In a six-year period, the plaintiffs lost profits of approximately $4,914,000 because of the actions of the defendants which are the subject of this litigation.  (Id. pp. 105-06) The plaintiffs also incurred legal fees of approximately $250,000.  (Id. pp. 121-22)

    8.  After the plaintiff Gavlak rejected the offer of Zoning Enforcement Officer Boisvert to become his business partner, Boisvert went back to Town Hall and the regulations concerning the plaintiffs' business were changed adversely to the plaintiffs.  (Id. pp. 119-20)

9. There is another business in town, a home builder named Roulier, who appeared before the defendant Zoning Board of Appeals frequently during the time that defendant was engaged with the plaintiffs. Roulier was given far more favorable treatment by the defendant than the plaintiffs were given. (Id. pp. 137-38)

10. The plaintiffs have the only water company in town. (Id. p. 138)

11. After the case was remanded to the defendants by the Connecticut Supreme Court with directions to consider the plaintiffs' contention that the taking of spring water from the land in question was a permitted prior nonconforming use, the defendants held public hearings at which they did not afford the plaintiffs any opportunity whatsoever to be heard on the issue, whereupon they voted to endorse the prior cease and desist order. (Exhibit A)

12. Prior to the said public hearings, the plaintiffs had expressly requested in writing that they be permitted to be heard and to present evidence. (Exhibit B)

        THE PLAINTIFFS


BY:_____
       JOHN R. WILLIAMS (ct00215)
       Williams and Pattis, LLC
       51 Elm Street, Suite 409
       New Haven, CT 06510
       TELEPHONE: 203.562.9931
       FAX: 203.776.9494
       E-MAIL: jrw@johnrwilliams.com
       Their Attorney


CERTIFICATION OF SERVICE

On the date above stated, a copy hereof was mailed to James N. Tallberg, Esq., Updike, Kelly & Spellacy, P.C., P. O. Box 231277, Hartford, CT 06123-1277.


_____
JOHN R. WILLIAMS