MR. YOUNG: I'm pretty clear. I mean, I went through the whole thing.

MR. TORRES: O.K. Do you have any questions or comments about any of it?

MR. YOUNG: I mean, we're just voting on the non-conforming use....

MR. TORRES: If it's a legal, non-conforming use. Right. Because, there's one thing I did read....I read to you what the Zoning Enforcement Officer wrote: "You are hereby notified that the operation being conducted by you relating to the collection, storage is not presently permitted by the Somers Zoning Regulations." O.K. That's one statement he made. And the second statement: "Additionally, your activity does not fall within the scope of agriculture and/or farming as those terms are defined in the Regulations. Now I did read this.....The legal notice that the Zoning Board of Appeals put out....only addressed the second statement. It didn't address the first one. So, why the Court remanded back to us, is saying that, hey, there were two things that were presented. Is it a legal non-conforming use and is it agriculture. And the courts agreed and we say it's not agriculture per our regulations. The courts agreed with that. Now, one of the courts said, well, from what they could see it's not a non-conforming use, but, this has the authority to make that decision. So it has to come back to us.

MR. YOUNG: They want it clear.

MR. TORRES: We have to look at it to see if we agree that what the Zoning Enforcement Officer, not the Court, said, is this a legal, non-conforming use or is it not. O.K.?

MR. BEAULIEU: The farming issue has already been decided.

4

MR. TORRES: That's already been decided and that's not an issue here, right. It's just whether or not, is this a legal, non conforming use the way it's being operated. And I'll read for you the way the Legal notice said on it. This is item 7B. "A cease and desist order, issued by the Somers Zoning Enforcement Officer to Bruce Wood and David Gavlak of Hillside Spring Water, Inc., 223 Wood Road, Somers, Connecticut was upheld by a unanimous vote by the Zoning Board of Appeals. The cease and desist order was given for the operation being conducted relating to the collection, storage, and transportation of spring water from the premises at 223 Wood Road, Somers. The Zoning Board of Appeals agreed that this activity does not fall within the scope of agriculture and/or farming as those terms are defined in the Somers Zoning Regulations, sections 2.02". So, all that was addressed was just about farming. So, there was no wording in here at all about whether it was a legal, non conforming use.

MR. YOUNG: (inaudible due to being too far from recorder.)

MR. TORRES: Right. That was the only thing that was issued. Right. So, what it is, is that we didn't put an answer to both. We put an answer to half. And the Court is telling us, hey, look at the other part. What is your decision on the other part.

MR. YOUNG: We did address it, but we didn't clarify it in the notes.

MR. TORRES: Right. O.K.

MR. YOUNG: And then, can it go back to them?

MR. TORRES: Oh, this is a long way from being over. A long way. Pam, do you have any questions?

5

MRS. LLOYD:  At this point, I'm absorbing, more than anything else.

MR. TORRES:  I realize that you're new on the Board and this is your first......Of course, the thing that's strange about this, as I pointed out last time, when this case first came upon us, you were new, and Dan was new.  And now it's come back a second time.

MR. YOUNG:  Is Dan going to be here the next meeting?

MR. TORRES:  If he's not on another trip.  You never know.  He was supposed to be here this meeting.  Then he calls me last week and says "I'm going to be in Brazil.

MR. YOUNG:  My only comment is, in fairness, it's probably better if we have all our Board members.  He's familiar with the case.

MR. TORRES:  Well, when we get to that phase of the decision, or if you want to....I'm going to be asking for certain things.  But all I'm saying is, we're discussing it now, and when we finish discussion we'll go on to the next part of it.  Any more discussion?

MR. BEAULIEU:  In order for it to be a non-conforming use, it would have to be in existence as of what date?  Was it nineteen ninety?

MR. TORRES:  Before Zoning.

MR. BEAULIEU:  Before Zoning.

MR. TORRES:  Before Zoning, right.  And in particular, before the nineteen ninety.  No further questions?  All right.  Then, I'll ask, now do you want to

6

continue discussion....I mean, do you want to end discussion now, or do you want to continue discussion until the next month. If we go til next month, we have to come up with a decision by next month because we have the 65 day period. So, this is thirty days from last month and next month will be thirty days plus the five day lee way. So, we have to come up with our answer within 65 days from the time we kicked it off, and we kicked it off last month. So if we table.....If we want to continue the discussion and keep the discussion open so that in the event Dan is going to be here, so he can voice his comments and so forth, we can take care of it next month and render a decision at that time. We'll have to do it that time. Or we can make a decision this time. What's your pleasure?

MR. YOUNG: I'd rather have Dan here, is my personal ....in fairness.

MR. TORRES: So, you make a motion that we continue discussion until next month.

MR. YOUNG: correct.

MR. TORRES: Do you second? O.K. So, a motion has been made by Ken that we continue this discussion until next month and it's been seconded by Pam. All in favor?

MR. YOUNG: Aye.

MR. BEAULIEU: Aye.

MRS. LLOYD: Aye.

MR. TORRES: All right, motion is carried. So we will continue discussion until next month and at that time, you all realize, you better be here and we have to render a decision at that time.

MR. YOUNG: Plus we have two members, new members, that weren't here, then.   So, I think the longer they have to look the material over and any new discussion next time.

MR. TORRES:  O.K.  then I'll close this here.



**TOWN OF SOMERS**
**ZONING BOARD OF APPEALS**
**REGULAR MEETING**
**DISCUSSION**
**APRIL 11, 2002**

MAY 2 2002

**Hillside Spring Water, Inc.**

MR. TORRES: All right, now, we'll continue discussion to review the State Supreme Court's remand back to the ZBA for a final determination of whether or not Mr. Gavlak's operation constitutes a legal, non-conforming use per Somers Zoning Regulations.

MR. MACK: As in the past, I'm going to excuse myself. From any discussion.

MR. TORRES: O.K. And, Jim, would you sit in for……

MR. BEAULIEU: yes.

MR. TORRES: All right. I gave a copy to each of you of the meeting minutes for last month. And the little bit of discussion we had on the case, so……I would assume everybody's had a chance to review that.

MR. YOUNG: Yes.

MR. TORRES: O.K. Again, just as a reminder, I'll read the letter from the attorney, which is defining for us what our duties are here. "Mr. Chairman, John Torres. Somers Zoning Board of Appeals. Regarding David Gavlak. Dear John, as you are aware, the State Supreme Court recently issued its' decision in Bruce Wood verses the Somers Zoning Board of Appeals. The Court held that the collection, transportation, and sale of spring water on the Wood farm was not farming or agriculture,

1

as those terms are defined by the Somers Zoning Regulations. The Court did, however, remand the matter back to your Board for a determination of whether Mr. Gavlak's operation constitutes a non-conforming use. You may recall that this argument was made before your Board, but you did not rule on its' merits. To assist you in this effort, I enclose a copy of the original record from the 1997 hearings". Which is what you have in the packets here. Everybody has a packet. "The record consists of the items listed on the enclosed return of record. You should not rely on any other information in making your determinations. Since the public hearings are closed, no additional testimony or evidence must be taken or considered. No member of the public, including the applicant, should be allowed to speak to you on this matter. Please keep in mind that this whole area of your discussion should relate to the non-conforming use question. If you determine that this activity constitutes a legal conforming use, then you must overturn Mr. Taylor's original Cease and Desist. If you determine that this activity does not constitute a legal, non-conforming use, then you must uphold the order. I expect that the applicant will request another public hearing. It is my opinion that this request should be denied. The Board should consider only that evidence contained in the original record. You have 65 days to make this decision, beginning on the date of the next meeting." So, we have 65 days, which means that we have to make a decision tonight. Because we started discussion 2 months ago, which is about 60 days in the past. "So, once a decision has been made, you should publish a notice of that decision in the newspaper." Now, the main reason for reading this was to let us know that the reason we're discussing this is that the Court has remanded the decision regarding "is this a legal, non-conforming use, or not?" The Courts have already decided that it is not an agricultural operation, so that is not an issue before us. And, unfortunate......Most of the discussion that was done at the hearing, dealt with whether or not it was agricultural or not. And I think it kind of dominated the discussion, so that when the legal notice was drafted, and I'll read that part again.........This is the legal notice that we issued in our findings regarding the case and this is dated April 10, 1997. Well, this is for the April 10th, 1997 and May 8th, 1997 sessions that we had. The hearing was on April 10th. "The Cease and Desist Order issued by the Somers Zoning Enforcement Officer to Bruce Wood and David Gavlak of Hillside Spring Water, Incorporated, 223 Wood Road, Somers, Connecticut, was upheld

2

by a unanimous vote by the Somers Zoning Board of Appeals. The Cease and Desist Order was given for the operation being conducted related to the collection and storage and transportation of spring water from the premises at 223 Wood Road, Somers. The Zoning Board of Appeals agree that this activity does not fall within the scope of agriculture and/or farming, as those terms are defined in the Somers Zoning Regulations. Section 2 oh 2.". So there was nothing in verbiage that directed any comments concerning, "is it a legal non-conforming use?" And yet, when you look at the Cease and Desist that was issued by the Somers Zoning Enforcement Officer, he addressed both issues. And this is dated December 30th, 1996 from the Zoning Enforcement Officer, regarding the water operation on Wood Road. It says: "Gentlemen, you are hereby notified that the operation being conducted by you relating to the collection, storage, and transportation of spring water from the premises located at 223 Wood Road is not presently permitted by the Somers Zoning Regulations. Sections 2.03.01, 4.05b, and 4.05c. Additionally, your activity does not fall within the scope of agriculture, and/or farming, as those terms are defined in the Regulations, 2.02. Since this activity is not specifically permitted by the Regulations, it is prohibited and you are accordingly ordered to cease and desist from this activity." So, you see in that paragraph, the first section dealt with the fact that it is not permitted by the Somers Zoning Regulations. In our legal notice, we did not address that. So the Court has asked us to review that aspect of it and see if we concur with the Enforcement Officer's decision finishing the Cease and Desist. As far as the Courts are concerned, we've concurred with half of it, but we didn't concur with both of it, so, what we're dealing with tonight, is, what's our feelings regarding.....is this activity a legal, non conforming use or is it not a legal conforming use? And the Zoning Regulations state, as was pointed out, that it is not a legal conforming use. The regulations state in those sections, you know, four oh five b (405b) and four oh five c (405c), that there is nothing in either one of those 2 sections that deals with this type of an operation. And section two oh three oh one (20301) states that if it's not permitted.....

MR. SCULLY:  Not listed....

3

MR. TORRES:  if it's not listed, it's not permitted.  And, what Mr. Gavlak has done, is he started the business of collecting water, as was pointed out in the hearing, in sometime around 1990, 1991.  And I believe at that time, he was doing it for a pool filling and things of that type.  And sometime, I believe in 1996, it's in …..It's in the records and you had the package to look at, I'm just trying to review.  Sometime around 1996, he changed the operation that he was doing and got more sophisticated because he was bottling the water and selling it for consumption.  So he had a change of use at that time.  And he was asked if he were still trucking water for pools and he said "no more".  It was just for the consumption.   So, those were the things that were pointed out regarding the hearing and when we had the discussion.  Now, I'll just open it up for any other discussion or comments or questions from the Board members.  And, let's see, it's the five of us here because Ed is not involved.

MRS. LLOYD:  The only questions I had, I was looking at the date line from his own letter, O.K., and if we're talking about it being established, it said he started construction in 1989, but he actually didn't start the business until 1990.  So, that was part of what I was saying, and like you said, he changed it in 1996.  So, if I'm reading this correctly, this started in March of nineteen ninety……….

MR. TORRES:  ninety one.

MRS. LLOYD:  ninety one.

MR. TORRES:  Was it ninety one?

MRS. LLOYD:  I have it.  I believe I saw it, in March of 1990.

MR. TORRES:  Oh, maybe 90.  Should say there, somewhere.

MRS. LLOYD:  I had it last night, about two o'clock this morning.

4

MR. SCULLY:  Then you can say it was this morning.

MR. TORRES:  Does it say on the front cover?

MRS. LLOYD:  of course not.

MR. BEAULIEU:  two thousand one.

MRS. LLOYD:  two thousand one.  This is the newer.

MR. TORRES:  Oh, that's just the print out.  I'm sure that's just the.....

MRS. LLOYD:  I believe I saw March first 1990.  That's what I saw.

MR. BEAULIEU:  Yeah, it's ninety.

MRS. LLOYD:  March 19th, 1990, by the Zoning Commission.

MR. SCULLY:  Right.

MR. TORRES:  But, see, what he was doing at that time, he's not doing .......

MRS. LLOYD:  He was in construction, he wasn't in business.  So, it was not in effect prior to the Zoning Regs.  As a business.

MR. TORRES:  Right.

5

MRS. LLOYD:  O.K.  I just wanted to make sure I had that straight.

doing now, he started ~~MR. TORRES:  No, what he's doing now, that operation he's~~
~~MR. SCULLY:  If it was prior to that, it would be non-conforming.~~

MR. TORRES:  Any other questions?

MR. YOUNG:  Which we discussed the first time, but it wasn't written up clear.

MR. SCULLY:  Well, it....Can I ask a question?

MR. TORRES:  Sure.

MR. SCULLY:  I was looking at the .....again, I apologize for not being here last time, but, I was looking at the discussion that you folks had last time and I guess the thing that comes to mind, is, we talk about the operation being and going on since sixteen hundreds, seventeen hundreds, when it was farmland.....

MR. TORRES:  Well, there was water there all the time.....

MR. SCULLY:  Right.  There was always water there and there hopefully always will be water there, coming out of the ground.

MR. TORRES:  Right.  It's just natural.

6

MR. SCULLY:  Right.  Well......

MR. TORRES:  He doesn't pump it out, it's just natural.......

MR. SCULLY:  No, I know it....I've been there.  But I guess that the question comes up, is it changing the use of the land?  In other words, when they were harvesting water back in the seventeen hundreds, there was no regulations.  Right?

MR. TORRES:  Right.

MR. SCULLY:  There was no regulations on this.  And now there's regulations, but it's not listed.  The harvesting of water and the storage of water.

MR. TORRES:  Right.

MR. SCULLY:  So, that's where I'm coming from.  Where I have to make a decision.

MR. TORRES:  O.K., but you have to realize, like Kenny said, it was a non conforming use that goes all the way back.

MR. SCULLY:  Right.

MR. TORRES:  And when you're talking about what was happening in sixteen hundreds and seventeen hundreds, we can't do anything about that. We could never shut down that water operation there because that's natural.  That goes back way.....

MR. SCULLY:  Right.

MR. YOUNG:  That's prior to when the regulations...........

7

MR. SCULLY: Right. Exactly

MR. TORRES: What we're saying is, what he's doing now, is the commercial venture that he's doing now, is a change of use of what that….and is not in conformance with the Zoning Regulations, as it stands today. And, it has to be done with some kind of controls.

MR. SCULLY: I agree.

MR. TORRES: In other words, if it was a farming operation, which is what he was trying to get approval for, and if it was approved for farming, then farming operation is dealt with differently. And he could do whatever that regulation for farming would be. But now, the farming operation aspect of it has been denied by the Courts. And so now, he's trying to see if he's a legal, non conforming use. And, so, that's what we have to look at. And the fact is that what he's doing now, he started in 1996. You know, extended the use, changed the use….. And, in my eyes, it's a non-conforming operation, so…….

MR. BEAULIEU: Right.

MR. TORRES: Any other comments, discussion?

MR. YOUNG: I have nothing

MR. BEAULIEU: No questions.

MR. TORRES: Do I have a motion to cease any further discussion and to vote on the issue?

MR. BEAULIEU: So moved.

MRS. LLOYD: Seconded.

MR. TORRES: Motion made by Jim, seconded by Pam. All in favor?

MR. BEAULIEU: Aye.

MR. SCULLY: Aye.

MRS. LLOYD: Aye.

MR. YOUNG: Aye.

MR. TORRES: All right. Motion carries. What we're going to vote on here, if we vote in favor…..Let's just talk about the Cease and Desist. If we vote in favor of the Cease and Desist, and that this is a not …..this operation is not legal. It's not conforming. It's not legal. Then we vote in favor of the Enforcement Officer. And if we vote to deny, then it means that we say the Enforcement Officer, the Cease and Desist is…..is not right. And that we recognize the operation as being a legal, conforming use. O.K.?

MR. SCULLY: So, a yes vote is in favor of the Zoning Enforcement Officer.

MR. TORRES: A yes …..

MR. YOUNG: In favor to uphold it.

MR. TORRES: yeah, the Cease and Desist. Just say you vote in favor…..Make it this way. Either you vote in favor of the Cease and Desist or against the Cease and Desist. That's the simplest way to look at it. In favor of the Cease and Desist means that you recognize that this is a ….this is not a legal operation. And if you vote against the Cease and Desist, then you say it is a legal operation. O.k. So, just look at it as either for or against the Cease and Desist. All right, we'll start with Jim.

9

MR. BEAULIEU:  I vote in favor of the Cease and Desist.

MR. TORRES:  In favor of the Cease and Desist.

MR. SCULLY:  I vote in favor of it, the Cease and Desist.

MR. TORRES:  Dan votes in favor.

MR. YOUNG:  I vote in favor.

MRS. LLOYD:  I vote in favor.

MR. TORRES:  O.k.  I make it unanimous, there, so we vote in favor of the Cease and Desist, that this is not a legal, a non legal use and not allowed. O.K.