

View: Cite | KWIC | **Full** | Custom         PREV 8 of 9 NEXT         **FAST Print...**  Print
Save As ECLIPSE | More Like This | More Like Selected Text | Shepardize® | TOA

Wood v. Somers Zoning Bd. of Appeals, 1999 Conn. Super. LEXIS 2932  (Copy w/

Source: Legal > / . . . / > **CT State Cases, Combined**
Terms: **wood /5 bruce**  (Edit Search)

✓Select for FOCUS™ or Delivery
☐

*1999 Conn. Super. LEXIS 2932, ***

**Bruce Wood** et al. v. Somers Zoning Board of Appeals et al.

CV 970063972S

SUPERIOR COURT OF CONNECTICUT, JUDICIAL DISTRICT OF TOLLAND, AT ROCKVILLE

1999 Conn. Super. LEXIS 2932

October 29, 1999, Decided
October 29, 1999, Filed

**NOTICE:**    **[*1]**   THIS DECISION IS UNREPORTED AND MAY BE SUBJECT TO FURTHER APPELLATE REVIEW. COUNSEL IS CAUTIONED TO MAKE AN INDEPENDENT DETERMINATION OF THE STATUS OF THIS CASE.

**DISPOSITION:** Appeal dismissed.

**LexisNexis(R) Headnotes** ✦ Show Headnotes

**JUDGES:** Stengel, J.

**OPINIONBY:** Stengel

**OPINION:** MEMORANDUM OF DECISION

I.

The plaintiffs, **Bruce Wood,** David Gavlak and Hillside Spring Water, Inc., appeal the decision of the defendant, Somers Zoning Board of Appeals (board), to uphold a cease and desist order issued by the Somers zoning enforcement officer, James R. Taylor. Taylor is also a named defendant in this appeal. The plaintiffs appeal pursuant to General Statutes 8-8.

On December 30, 1996, Taylor issued a cease and desist order to the plaintiffs. (Return of Record [ROR], Item 2.) The plaintiffs took a timely appeal to the board pursuant to General Statutes 8-7 on January 13, 1997. (ROR, Item 2.) The board held a public hearing on April 10, 1997 (ROR, Item 6A.) On May 8, 1997, the board voted to sustain Taylor's cease and desist

order. (ROR, Item 6B.) Notice of the board's decision was published on May 16, 1997 in the *Journal Inquirer.* (Complaint, 9; Answer 1.) The plaintiffs filed this appeal on May 28, 1997 pursuant to General Statutes **[*2]** 8-8.

Wood is the owner of certain property known as the Wood Farm, located at 223 Wood Road in Somers. Gavlak owns and operates Hillside Spring Water, Inc., which leases a portion of the Wood Farm in order to draw water from a spring thereon. (ROR, Item 6A.) Currently, all of the water is used for human consumption. (ROR, Item 6A, p. 17.) The spring water flows by gravity through pipes into tanker trucks that transport the water off the premises. (ROR, Item 6A, pp. 20-21.)

On December 6, 1996, Taylor issued a cease and desist order to the plaintiffs. (ROR, Item 2.) The order stated that the collection, storage and transportation of spring water was not permitted by the zoning regulations. (ROR, Item 2.) On January 23, 1997, the plaintiffs filed an appeal of the cease and desist order, to the board on the grounds that the collection, storage and transportation of spring water from the Wood Farm is permitted by the zoning regulations and that the activity falls within the scope of agriculture and/or farming. (ROR, Item 2.) The board held a public hearing on April 10, 1997. (ROR, Item 6A.)

During the public hearing, the plaintiffs argued that the "harvesting of spring water" **[*3]** was an agricultural and/or farming activity which falls within the permitted uses of the zoning regulations. (ROR, Item 6A.) They further argued that the "harvesting of spring water" on the Wood Farm was a nonconforming use because the springs were harvested well before any zoning regulations were adopted. (ROR, Item 6A.) On May 8, 1997, the board voted to uphold Taylor's order on the ground that the collection, storage and transportation of spring water from the Wood Farm does not fall within the scope of agriculture and/or farming as defined in the Somers zoning regulations. (ROR, Item 7B.) Notice of the board's decision was published on May 16, 1997 in the *Journal Inquirer.* Complaint, 9; Answer, 1.)

The plaintiffs filed this appeal on May 28, 1997 challenging the decision of the board on the grounds that board acted illegally, arbitrarily and in abuse of discretion. (Complaint, 11.)

II.

Court appeals from administrative agency decisions exist only under statutory authority. *Simko v. Zoning Board of Appeals,* 206 Conn. 374, 377, 538 A.2d 202 (1988). "A statutory right of appeal from a decision of an administrative agency may be taken advantage of only **[*4]** by strict compliance with the statutory provisions by which it is created." (Internal quotation marks omitted.) *Id*. Such provisions "are mandatory and jurisdictional in nature, and, if not complied with, the appeal is subject to dismissal." (Internal quotation marks omitted.) *Id*.; see also *Capalbo v. Planning & Zoning Board of Appeals,* 208 Conn. 480, 485, 547 A.2d 528 (1988).

The question of aggrievement is essentially one of standing. *McNally v. Zoning Commission,* 225 Conn. 1, 5, 621 A.2d 279 (1993). "Aggrievement is established if there is a possibility that some legally protected interest . . . has been adversely affected." (Internal quotation marks omitted.) *Connecticut Resources Recovery Authority v. Planning & Zoning Commission,* 225 Conn. 731, 739 n.12, 626 A.2d 705 (1993). Mere generalizations and fears, however, do not establish aggrievement. *Caltabiano v. Planning & Zoning Commission,* 211 Conn. 662, 668, 560 A.2d 975 (1989).

An owner of the subject property is aggrieved and entitled to bring an appeal. *Winchester Woods Associates v. Planning & Zoning Commission,* 219 Conn. 303, 308, 592 A.2d 953 (1991). **[*5]** A lessee of property is also aggrieved and entitled to bring an appeal. *R&R Pool & Home, Inc. v. Zoning Board of Appeals,* 43 Conn. App. 563, 569-70, 684 A.2d 1207 (1996). The plaintiffs have pleaded aggrievement; see complaint, par. 2, 3, & 10; and testimony was

presented at the hearing by **Bruce Wood** and David Gavlak supporting aggrievement, accordingly the court concludes that aggrievement is established.

III.

"General Statutes 8-6 entrusts [a zoning] commission with the function of interpreting and applying its zoning regulations." *Dimopoulos v. Planning & Zoning Commission,* 31 Conn. App. 380, 383, 625 A.2d 236, cert. denied, 226 Conn. 917, 628 A.2d 987 (1993). An appeal from an action of a zoning enforcement officer is taken to the zoning board of appeals, which hears and decides the matter de novo. *Caserta v. Zoning Board of Appeals,* 226 Conn. 80, 88-89, 626 A.2d 744 (1993).

"The trial court reviews the record before the board to determine whether it has acted fairly or with proper motives or upon valid reasons." *Spero v. Zoning Board of Appeals,* 217 Conn. 435, 440, 586 A.2d 590 (1991). **[*6]** "The burden of proof to demonstrate that the board acted improperly is upon the party seeking to overturn the board's decision." *Francini v. Zoning Board of Appeals,* 228 Conn. 785, 791, 639 A.2d 519 (1994).

A zoning regulation "is a local legislative enactment, and, in its interpretation, [the court is] to discern the intent of the legislative body as manifested in the words of the regulation." *Spero v. Zoning Board of Appeals, supra,* 217 Conn. 441. "The trial court may not substitute its judgment for the wide and liberal discretion vested in the local authority when acting within its prescribed legislative powers." *Frito-Lay, Inc. v. Planning & Zoning Commission,* 206 Conn. 554, 572-73, 538 A.2d 1039 (1988). "Words used in zoning ordinances are interpreted in accord with their natural and usual meaning . . . The strict construction rule applies, and the regulations should not be extended by implication to include more than is within their express terms." R. Fuller, 9 Connecticut Practice Series: Land Use Law and Practice (1993) 34.13, pp. 604-05. "A local board or commission is in the most advantageous position to interpret **[*7]** its own regulations and apply them . . . [and] as long as honest judgment has been reasonably and fairly exercised at the local level, the trial court must not substitute its judgment for that of the zoning board." *New London v. Zoning Board of Appeals,* 29 Conn. App. 402, 405, 615 A.2d 1054, cert. denied, 224 Conn. 922, 618 A.2d 528 (1992). The court may grant relief on appeal only where the local authority has acted illegally, arbitrarily, or in abuse of its discretion. *Smith v. Zoning Board of Appeals,* 227 Conn. 71, 80, 629 A.2d 1089 (1993); *Frito-Lay, Inc. v. Planning & Zoning Commission, supra,* 206 Conn. 573.

IV.

The plaintiffs claim that their "harvesting" of free-flowing natural spring water is a nonconforming use because it has been "harvested" on the premises for some 200 years. The defendant argues that the spring was previously used for personal use on the premises and became a commercial activity in 1991, thereby creating an entirely new use for the spring water.

A nonconforming use is defined as a "use or structure prohibited by the zoning regulations but . . . permitted because of its existence **[*8]** at the time that the regulations are adopted." *Adolphson v. Zoning Board of Appeals,* 205 Conn. 703, 710, 535 A.2d 799 (1988). "For a use to be considered nonconforming . . . that use must possess two characteristics. First, it must be lawful and second, it must be in existence at the time that the zoning regulations making the use nonconforming were enacted . . ." (Citation omitted; emphasis omitted; internal quotation marks omitted.) *Cummings v. Tripp,* 204 Conn. 67, 91-92, 527 A.2d 230 (1987). In order to qualify as an existing use, the premises must be utilized in such a manner as to be known in the neighborhood as used for a given purpose. *Id.,* 92. That is to say, the premises must not only have been adapted for a given purpose, *"but the premises must also have been employed within that purpose."* (Emphasis in original; internal quotation marks omitted.) *Bauer v. Waste Management of Connecticut, Inc.,* 234 Conn. 221, 240, 662 A.2d 1179 (1995). "It is

well established that to be a nonconforming use the use must be actual. It is not enough that it be a contemplated use [or] that the property was bought for a particular **[*9]** use. The property must be so utilized as to be irrevocably committed to that use . . . The [property owner] bears the burden of proving the existence of a nonconforming use." (Alterations in original; citations omitted; internal quotation marks omitted.) *Id*.

In *Cummings v. Tripp, supra,* 204 Conn. 91-92, the property owners met their burden of proof by submitting evidence that their property was used for commercial purposes prior to the adoption of zoning and, therefore, consisted of a nonconforming use. The defendants owned cottages in a residential zone where the rental of cottages had not been permitted since the adoption of zoning in 1945. See *id*. The Supreme Court upheld the trial court's conclusion that prior to the enactment of zoning in 1945, "the premises had been used for commercial purposes and that in 1945 at least four of the cottages had been rented . . . The trial court correctly concluded that the rental of the cottages during the months of June, July and August was an existing use in 1945." *Id., 92.*

In *Bauer v. Waste Management of Connecticut, Inc., supra,* 234 Conn. 240-41, the plaintiff failed to **[*10]** satisfy its burden of proof by establishing a nonconforming use as to a height restriction in the zoning regulations. "Waste Management did not plead or argue . . . that it had operated the landfill at a height of greater than ninety feet at the time the height restriction was enacted, and, therefore, it failed to establish a nonconforming use as to that regulation." *Id., 241.* Without the submission of sufficient evidence, the court could not find that this particular use of the property was nonconforming. See *id*.

It is not disputed that the Wood Farm has used its natural springs to provide water to the farm for the purposes of irrigation and drinking for over 200 years, however, the use of one of those springs changed in 1991 when it became a commercial activity and the water was transported off-site for sale. The plaintiffs submitted no evidence that the water was previously collected, stored and transported off the premises as part of a commercial activity. It is concluded that such commercial activity was not consistent with the use known in the neighborhood and was not a continuation of an existing use. It is, therefore, found that the plaintiffs have **[*11]** failed to meet their burden of proof on this claim as no evidence was offered to demonstrate this activity (i.e., commercial collection, transportation and sale of spring water) is consistent with the use of the property prior to the adoption of zoning. Nor was there any evidence that this commercial activity was, in fact, in existence prior to the adoption of zoning.

V.

The plaintiffs also claim that the harvesting of free-flowing natural spring water is agriculture and/or farming. The board argues that the collection, storage, transportation and sale of spring water does not fall within the definition of agriculture or farming pursuant to Section 214-4 of the Somers zoning regulations.

The zoning regulations in the Town of Somers define agriculture as the "cultivation of land, including planting and harvesting of crops, tillage, horticulture and forestry, and the raising and management of livestock." 214-4. A farm is defined as a "tract of land containing five (5) acres or more, with a minimum of three (3) acres used principally for agricultural purposes. A 'farm' may include premises used for the raising and keeping of livestock and other domestic animals when permitted **[*12]** by these regulations." *Id*.

The plaintiffs' appeal turns on the town's definition of agriculture and whether the "harvesting" of spring water falls within that definition. The plaintiffs were served with a cease and desist order on the ground that such activity did not fall within the town's definition. On appeal to the board, the plaintiffs had the burden of establishing that the harvesting of their natural spring water was, in fact, within the town's definition of agriculture and, therefore, a permitted use. In this appeal, it is also the plaintiffs' burden to establish that the board acted illegally, arbitrarily,

or in abuse of its discretion in upholding the cease and desist order.

The plaintiffs offered evidence in the nature of testimony from Gabriel Moquin, a deputy at the Connecticut Department of Agriculture, who testified before the board that "because water is considered a food, it can be, absolutely, an agricultural operation. We call it harvesting. The same thing, say, as you harvest milk from cows or wheat from the fields." (ROR, Item 6A, p. 40.) Moquin's testimony, however, is not conclusive and does not establish that the plaintiffs' operation falls within [*13] the *town's* particular definition of agriculture.

During the public hearing, Peter Klein, a science teacher, testified that "no one believes that water is an agricultural product." (ROR, Item 6A, p. 32.) Eva Brown, a local resident and attorney testified that the dictionary defines, "[a] crop [as] a product of the soil, whereas water is not. And, a common sense definition of agriculture, it's cultivating the soil, raising livestock, producing of plants and animals. Water is something totally different." (ROR, Item 6A, p. 39.)

Later, in the discussion and decision meeting, board member Young read some pertinent definitions into the record. (ROR, Item 6A, pg. 5.) "Harvesting . . . [is] the act of getting a crop . . . [A] crop . . . [is] a cultivated crop or product, a grain, vegetable or fruit." (ROR, Item 6B, p. 5.) Although all the members agreed that water is a food, after much discussion, they opined that natural spring water is not a crop. (ROR, Item 6B, pp. 16-17, 19-21.) The opinion of the town attorney that this activity does not fit into the current zoning regulations of the town was also discussed. (ROR, Item 6B, pp. 4, 11.) At the end of the meeting, [*14] the board decided that the "harvesting" of natural spring water did not fall under the town's definition of agriculture and the cease and desist order was, therefore, upheld. (ROR, Item 6B, pp. 21-23.)

It is the board's determination as to the weight of the evidence and without establishing that such a determination was made illegally, arbitrarily, or in abuse of its discretion, the court will not hold otherwise. See *New London v. Zoning Board of Appeals, supra*, 29 Conn. App. 405; see also *Smith v. Zoning Board of Appeals, supra*, 227 Conn. 80. It is not within the discretion of the court to substitute its judgment for the wide and liberal discretion of the board absent some evidence of impropriety. See *Frito-Lay, Inc. v. Planning & Zoning Commission, supra*, 206 Conn. 572-73; *Whisper Wind Development Corp. v. Planning & Zoning Commission*, 32 Conn. App. 515, 523, 630 A.2d 108 (1993), aff'd., 229 Conn. 176, 640 A.2d 100 (1994) ("[a] reviewing court . . . cannot substitute its judgment as to the weight of the evidence for that of the [board]").

Although Moquin's testimony in support of the plaintiffs' [*15] claim was presented, his informal opinion is not conclusive and was not binding upon the board. In this case, the board weighed the evidence, gave the defined terms their natural and plain meaning, and came to a reasonable conclusion. The court, therefore, cannot substitute its judgment for that of the board absent some evidence that the board's judgment was somehow tainted. See *Frito-Lay, Inc. v. Planning & Zoning Commission, supra*, 206 Conn. 572-73; *Whisper Wind Development Corp. v. Planning & Zoning Commission, supra*, 32 Conn. App. 523.

The court notes that in reaching its decision, the court is not holding that the "harvesting" of natural spring water is not agriculture. Rather, the court is holding that the plaintiffs did not meet their burden of establishing that the "harvesting" of natural spring water falls within the definition of agriculture pursuant to *the town of Somers* zoning regulations 214-4.

The definitional issue is debatable and the Board heard evidence on both sides, however the plaintiffs have not established that the Board acted illegally, arbitrarily or in abuse of their discretion.

VII. Conclusion

It is found **[*16]** that the plaintiffs have failed to meet their burden of proof that the commercial "harvesting" of natural spring water from the Wood Farm is a nonconforming use. The plaintiffs have also failed to meet their burden that the board acted illegally, arbitrarily, or in abuse of its discretion in determining that the plaintiffs' "harvesting" of natural spring water was outside of the town's definition of agriculture. Accordingly, the appeal is hereby dismissed.

Stengel, J.

View: Cite | KWIC | **Full** | Custom    PREV 8 of 9 NEXT    FAST Print...    Print | Download | Fax | Email | Text Only
Save As ECLIPSE | More Like This | More Like Selected Text | *Shepardize*® | TOA

Wood v. Somers Zoning Bd. of Appeals, 1999 Conn. Super. LEXIS 2932  (Copy w/ Cite)    Pages:  9

Source: Legal > / . . . / > CT State Cases, Combined
Terms: wood /5 bruce  (Edit Search)
View: Full
Date/Time: Wednesday, September 29, 2004 - 4:59 PM EDT

* Signal Legend:
● - Warning: Negative treatment is indicated
⚠ - Caution: Possible negative treatment
◆ - Positive treatment is indicated
Ⓐ - Citing Refs. With Analysis Available
❶ - Citation information available
* Click on any *Shepard's* signal to *Shepardize*® that case.

Search | Research Tasks | Search Advisor | Get a Document | *Shepard's* ®
Eclipse ™ | History | Delivery Manager | Practice Area Pages | Switch Client | Preferences | Feedback | Sign Off | Help
About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.